UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ADE O. FAGORALA,

    Plaintiff,

    v.

NATIONSTAR MORTGAGE, LLC, et al.,

    Defendants.
_____/

No. C 10-1528 PJH

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

    Defendant Nationstar's motion to dismiss plaintiff's complaint and to expunge recorded lis pendens came on for hearing on June 2, 2010 before this court. Plaintiff, Ade Olu Fagorala ("plaintiff"), appeared through his counsel, Deborah Pimentel. Defendant Nationstar Mortgage LLC ("defendant"), appeared through its counsel, Seth Harris. Having read all the papers submitted and carefully considered the relevant legal authority, the court hereby GRANTS defendant's motion to dismiss and motion to expunge recorded lis pendens, for the reasons stated at the hearing, and summarized as follows.

    1.    Plaintiff failed to file any written opposition to defendant's motion. Instead, after the filing of defendant's motion, plaintiff unilaterally filed a first amended complaint, seeking to add additional causes of action. However, while plaintiff was permitted to file an amended pleading after service of defendant's motion to dismiss, Federal Rule of Civil Procedure ("FRCP") 15(a)(1)(B) provided plaintiff only 21 days from the filing of defendant's motion – i.e., until May 7, 2010 – in order to do so. Plaintiff's first amended complaint – which was filed on May 25, 2010 – is therefore untimely, as it was filed more than two weeks past the deadline established in FRCP 15(a)(1)(B). At the hearing, moreover, plaintiffs' counsel was not only unaware of the missed deadline, but furthermore offered no

1  compelling reason why the court should excuse the missed deadline.  Accordingly, the
2  court hereby STRIKES the filing of plaintiff's first amended complaint.

3      2.    Having struck the first amended complaint, the operative complaint is still the
4  original complaint filed by plaintiff, which the instant motion seeks to dismiss.  The
5  complaint alleges a single cause of action against defendant:  violation of the Truth in
6  Lending Act ("TILA").  The TILA claim is time-barred.  A plaintiff's damages claim relating to
7  improper disclosures under TILA is subject to a one-year statute of limitations, 15 U.S.C. §
8  1640(e), which runs from the time the loan transaction is consummated.  <u>King v. State of</u>
9  <u>California</u>, 784 F.2d 910, 915 (9th Cir. 1986); <u>see also Meyer v. Ameriquest Mortg. Co.</u>,
10 342 F.3d 899, 902 (9th Cir. 2003)(failure to make the required disclosures under TILA
11 occurs at the time the loan documents were signed).  A rescission claim under TILA, by
12 contrast, is subject at most to a three-year statute of limitations.  <u>See</u> 12 C.F.R. §
13 226.23(a)(3).  Here, plaintiff alleges that the loan in question was consummated in October
14 2006.  Plaintiff's complaint, however, was not filed until January 2010.  Thus, the TILA
15 claim is untimely, regardless whether rooted in a claim for damages, or rescission. 
16 Plaintiff's counsel not only conceded as much at the hearing, but she also conceded that
17 there is no alternative allegation that could save plaintiff's TILA claim, in view of the
18 limitations bar.  Accordingly, the court hereby GRANTS defendant's motion to dismiss
19 plaintiff's TILA claim, and thus the complaint in its entirety, with prejudice.

20     3.    In view of the foregoing, defendant's corresponding motion to expunge the
21 recorded lis pendens filed by plaintiff in state court, is also GRANTED.  Defendant may
22 seek whatever relief he is entitled to, by virtue of the court's order, in the appropriate state
23 court forum.

24 **IT IS SO ORDERED.**
25 Dated: June 7, 2010

                         PHYLLIS J. HAMILTON
                         United States District Judge

2